UNITED STATES of America,
Plaintiff–Appellee,

v.

Tony DRIVER, Defendant–Appellant.

No. 02–2463.

United States Court of Appeals,
Seventh Circuit.

Submitted June 5, 2003.

Decided June 6, 2003.

Before EASTERBROOK, KANNE, and WILLIAMS, Circuit Judges.

### ORDER

Tony Driver pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d), and brandishing a firearm during a crime of violence, *id.* § 924(c)(1)(A)(ii). The district court sentenced him to consecutive terms of 57 and 84 months' imprisonment and concurrent terms of five years' and three years' supervised release. Driver filed a notice of appeal, but his counsel seeks to withdraw because he is unable to identify a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Driver filed objections. *See* Cir. R. 51(b). We limit our review of the record to the potential issues identified in counsel's facially adequate brief and in Driver's objections. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel addresses whether Driver could make a nonfrivolous sentencing challenge. In the district court Driver raised two objections at sentencing: the amount of the bank's loss was overstated, and the probation officer erroneously included in the presentence investigation report (PSR) information about a prior conviction. The government substantiated the loss at over $50,000, and the court granted a reduction in Driver's criminal history category based on the inaccuracy in the PSR. Because Driver stated that he had no further objections at that time, any other objections, including the two that counsel identifies in his brief, would be waived on appeal. *See United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000). Thus, we agree that pursuing a challenge to Driver's sentences would be frivolous.

Driver's objections do not address any sentencing issues. Rather, he asserts, for what appears to be the first time, that his guilty pleas were "involuntary, unintelligent, not understanding, not knowing, not willing and the result of integral mis rep-

resentations [sic] of counsel." He further asserts that his counsel was ineffective, that "[h]e never received the discovery," and that consequently he "did not make an informed plea." Finally, he states that he wishes "to attack the plea on direct appeal." Driver, however, did not ask the district court to allow him to withdraw his pleas; therefore, only plain error in complying with Federal Rule of Criminal Procedure 11 at the change-of-plea colloquy could justify relief. *See United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).

At Driver's colloquy, the magistrate judge, whose recommendation to accept Driver's guilty pleas was accepted by the district judge, first determined that Driver was competent to plead guilty and informed him that his sworn testimony at the colloquy could be used against him in a future perjury prosecution. The magistrate judge explained the nature of the charges, the rights that Driver would waive by pleading guilty, and the possible penalties, including the effect of supervised release. The magistrate judge further explained that the district court would impose sentence based on the sentencing guidelines and that the district court had the power to depart from those guidelines. Driver admitted that he was not forced to plead guilty and confirmed the factual basis for the pleas. Because the magistrate judge substantially complied with Rule 11, any potential challenge to Driver's guilty pleas would indeed be frivolous.

Furthermore, Driver's claim that he did not receive discovery materials does not render his pleas involuntary or uninformed. *See United States v. Underwood,* 174 F.3d 850, 853–54 (7th Cir.1999) (explaining that, even if defendant does not see discovery materials ahead of time, guilty plea still considered voluntary if followed disclosure of adequate factual basis);

*see also United States v. Ruiz,* 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (holding that Constitution does not require pre-plea disclosure of exculpatory impeachment information). And although Driver's objections could be construed as asserting an ineffective assistance claim, we have repeatedly observed that a collateral proceeding, rather than direct appeal, is the appropriate vehicle for such a claim that depends, as this one would, on matters outside the record. *See United States v. Hamzat,* 217 F.3d 494, 501 (7th Cir. 2000); *see also Massaro v. United States,* —— U.S. ——, ——, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance."). Therefore, because the potential issues that counsel and Driver identified are frivolous, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.